UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANESSA JORDAN,

           Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF LABOR,

           Defendant.

19-CV-6422 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendant unlawfully adjusted her claim for unemployment benefits.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S. at 327). The Court is obliged, however, to construe *pro se* pleadings

---

[1] Plaintiff filed her complaint without the filing fees or a request to proceed *in forma pauperis* (IFP). By order dated July 12, 2019, the Court directed Plaintiff to either pay the $400.00 in fees or submit an IFP application. *See* ECF No. 3. Plaintiff paid the filing fees on July 16, 2019.

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against the New York State Department of Labor (DOL) alleging that the DOL unlawfully adjusted her unemployment benefits claim. She asserts that after a DOL employee requested information from Plaintiff, including bank statements, W-2 forms, and wage information for Plaintiff's employment at Fairway Supermarket and Appleness Shoes, her benefits claim was adjusted. She attaches to her complaint a DOL Official Record of Benefit Payment History showing that she owes the DOL $9,315.00. Plaintiff also attaches a copy of a June 20, 2019 letter directed to the DOL in which she requests a hearing to dispute the $9,315.00 owed.

## DISCUSSION

**A.   Eleventh Amendment Immunity**

Plaintiff's claims against the DOL must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York State has not consented to being sued in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), and Plaintiff has alleged no facts showing that Congress has abrogated New York

2

State's immunity regarding her claims. The DOL, as a New York State agency, therefore, enjoys Eleventh Amendment immunity. *See, e.g., Greenidge v. NYS Dep't of Labor*, No. 14-CV-4958, 2015 WL 170574, at *3 (E.D.N.Y. Jan. 13, 2015), *appeal dismissed*, No. 15-371 (2d Cir. Mar. 13, 2015). The Court therefore dismisses Plaintiff's claims against the DOL because it is immune from suit and because Plaintiff's claims against it are frivolous. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke*, 490 U.S. at 327)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed as barred by the Eleventh Amendment.[2]

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[2] The Court notes that there is a process within the DOL through which Plaintiff may seek review of the DOL's determination, and if she is dissatisfied there, she may file a claim in state court. *See* N.Y. Labor Law §§ 620-624. The Court takes no position on the merits of any claim or appeal Plaintiff may pursue in an appropriate forum.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 20, 2019
        New York, New York

                                                COLLEEN McMAHON
                                            Chief United States District Judge